Lindsey Specht, Esq.
NJ Attorney ID: 087912013
**DICKINSON WRIGHT PLLC**
1825 I St., N.W., Suite 900
Washington, DC  20006
Tel.: (202) 659-6949
Email: lspecht@dickinson-wright.com
Attorneys for *Plaintiff Ontel Products Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ONTEL PRODUCTS CORPORATION, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. _____ |
| TEKNO PRODUCTS INC., | **JURY TRIAL REQUESTED** |
| Defendant. | |

**COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT**

Plaintiff Ontel Products Corporation ("Ontel"), having a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004, by its undersigned attorneys, files this Complaint against Tekno Products Inc. ("Tekno" or "Defendant"), having a listed address of 201 State Rt. 17, Suite 603, Rutherford, New Jersey 07070. In support thereof, Ontel states and alleges as follows:

I.    **INTRODUCTION**

1.    This case arises out of the unauthorized use and infringement of Ontel's copyrights and patents for its popular and best-selling evaporative air-cooling product, offered under the ARCTIC AIR® trademark, ARCTIC AIR® ULTRA trademark, ARCTIC AIR PURE CHILL® (hereinafter, "Arctic Air® Product" or "Arctic Air® Ultra Product" or "Arctic Air Pure Chill® Product," respectively, and collectively, "Arctic Air® Products").

2.      In violation of federal and state law and in order to capitalize on the clear success of the Arctic Air® Ultra Product, Defendant is promoting and selling a clearly infringing version of Ontel's Arctic Air® Ultra Product called Northern Chill. Moreover, in addition to Defendant promoting and offering for sale a Northern Chill product that infringes the Arctic Air® Ultra Product, Defendant is also shipping and selling a clearly infringing version of Ontel's Arctic Air® Product to customers who purchase Defendant's Northern Chill product.

3.      Products purchased in retail stores, which are coming from Defendant, are a clearly infringing version of Ontel's Arctic Air® Product, Ontel's Arctic Air® Ultra Product, and Ontel's Arctic Air Pure Chill® Product by copying portions from Ontel's protected copyright in the instruction manuals sold with the Arctic Air® Product, copying Ontel's protected copyright in the packaging of the Arctic Air® Product, and usurping Ontel's significant intellectual property rights in its patents.

4.      Additionally, on or around March 13, 2022, Ontel placed Tekno on notice of its infringement by sending a cease-and-desist letter regarding Tekno's sale of infringing portable air cooler products marketed under the "Northern Chill" name (the "March 2022 Notice").

5.      In response, on or around April 2022, Tekno represented to Ontel that it respected the intellectual property rights of others, had only made nominal sales of the product, and that the parties could amicably resolve the dispute based on Tekno's plan to wind down sales. Tekno further represented that it did not intend to actively pursue or expand sales of the accused product.

6.      In reliance on these representations made by Tekno in 2022, Ontel refrained from pursuing immediate legal action and afforded Tekno the opportunity to resolve these issues amicably, without payment to Ontel.

7.      On or around June 2025, Ontel discovered that, rather than wind down sales, Tekno instead continued and expanded its sales of the infringing Northern Chill product through at least online platforms and brick and mortar retail distribution channels, including one retail channel where Ontel regularly sells its products.

8.       In particular, Ontel learned that Tekno was offering for sale and selling the infringing Northern Chill product at ShopRite grocery stores.

9.      Ontel has maintained a longstanding commercial relationship with ShopRite and regularly distributes its products through ShopRite grocery stores.

10.     ShopRite has served as a consistent retail channel for distribution of Ontel's products for years. Ontel's authentic products have been sold within ShopRite stores since at least 2017. Through this longstanding sale, ShopRite customers are likely to associate the Infringing Product with Ontel and believe the lower quality, Infringing Product originated from Ontel.

11.     Upon information and belief, Defendant Tekno has deliberately targeted this same retail channel by supplying its infringing Northern Chill product to ShopRite stores, causing consumer confusion at the point of sale and threatening Ontel's relationship with one of its trusted retail partners.

12.     On or around June 13, 2025, Ontel sent another notice letter to Tekno regarding the newly discovered infringement and misrepresentations made by Tekno in 2022 (the "June 2025 Notice"). To date, Tekno has not responded to the demands of the June 2025 Notice nor Ontel's additional communications regarding the same.

13.     Upon information and belief, Defendant's infringement is blatant, intentional and willful. Namely, Defendant was aware of its infringement of the Arctic Air® Product at least as early as March 2022 and made false representations to Ontel regarding its sales and product

development plans in respect to the infringing Northern Chill product to increase Defendant's gains from its infringement and continue to capitalize on Ontel's intellectual property and the significant time and resources expended by Ontel to secure such intellectual property rights.

14.    Defendant's conduct is directly harming Ontel and consumers, as the competing inferior products copy and diminish the value of and misappropriate Ontel's valuable intellectual property rights. Defendant further harms Ontel and consumers because the competing products are likely to create a false impression as to the source of the products, or to deceive consumers into believing that they derive from Ontel or there is a connection or association between the Infringing Product and Ontel's authentic Arctic Air® Product. This problem can be exacerbated if Defendant's Infringing Products do not undergo the same rigorous quality control and testing standards as those offered by Ontel. The harm to Ontel and the general public will continue unless Defendant's conduct is enjoined by this Court.

## II.    PARTIES, JURISDICTION, AND VENUE

15.    Plaintiff Ontel is a corporation organized under the laws of the State of New Jersey, having a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

16.    Defendant Tekno is a corporation organized under the laws of the State of New Jersey, having a principal place of business at 201 State Rt. 17, Suite 603, Rutherford, New Jersey 07070.

17.    Jurisdiction and venue are proper in this Court.

18.    This Court has personal jurisdiction pursuant to FED. R. CIV. P. 4(k)(2). The exercise of jurisdiction over Defendant comports with due process because it purposefully directs its activities toward, and purposefully avails itself of, the privileges offered by the United States, and more particularly the District of New Jersey. Defendant advertises, sells, imports, and ships

its Infringing Product to consumers all across the United States, and particularly within this jurisdiction.

19.    This Court has jurisdiction by virtue of the fact that this is a civil action under the Copyright Act, 17 U.S.C. § 101 *et seq.*, jurisdiction being conferred in accordance with 28 U.S.C. § 1331 and 1338. As to the Patent Infringement claims, this Court has jurisdiction by virtue of the fact that this is a civil action under the Patent Act, 35 U.S.C. § 1 *et seq.*, with jurisdiction being conferred in accordance with 28 U.S.C. § 1331 and 1338(a). This Court also has pendent jurisdiction over all remaining claims in accordance with 28 U.S.C. § 1367 as they arise out of the same underlying factual allegations.

20.    Venue is proper pursuant to 28 U.S.C. § 1391 and 1400(b). Specifically, Defendant resides in this District as they have places of business here and as such Venue is proper.

## III.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    Ontel's Arctic Air® Products

21.    For more than 20 years, Ontel has developed, marketed, and distributed some of the most innovative consumer products on the market, including award-winning toys, top-selling kitchen utensils, and ground-breaking household items. Ontel's products are sold in nearly every major retail chain in the United States, on every major e-commerce platform, and in more than 30 countries worldwide.

22.    Among the products developed and/or distributed by Ontel are the Arctic Air®, Arctic Air® Ultra, Arctic Air® Tower, Arctic Air® Freedom®, Arctic Air® Freedom® Touch, Arctic Air Smart Chill®, Arctic Air® Pocket Chill, Arctic Air® Grip Go®, Arctic Air® Advanced, Arctic Air Chill Zone®, Arctic Air® Turbo Chill, Arctic Air® Ice Jet, Arctic Air® Breeze Jet, Arctic Air®

Neck Chill, and Arctic Air Pure Chill® (collectively, the "Arctic Air® Product Lines"). The Arctic Air® Product Lines are personal evaporative air coolers that cool the air adjacent to the products.

23.     Products within the Arctic Air® Product Lines undergo rigorous testing and abide by stringent quality control measures.

24.     Ontel sold the first product from its Arctic Air® Product Lines in the United States at least as early as February 2018, and, since then, expanded its use of the brand to include at least thirteen additional products that are part of the Arctic Air® Product Lines.

25.     The Arctic Air® Product Lines have become some of Ontel's best-selling and known product lines in the U.S. and worldwide. Indeed, the Arctic Air® brand has been consistently ranked number one on Amazon.com[1], and products in the Arctic Air® Product Lines, have, at many times as recently as during the summer of 2025, held top 10 spots on Amazon.com in the Mini Evaporative Coolers and Evaporative Coolers categories.[2]

26.     The commercial success of the Arctic Air® Product Lines began with the launch of the original Arctic Air® evaporative air cooler. Further research and development refined the Arctic Air® evaporative air cooler, resulting in Ontel's launch of additional Arctic Air® Products, including the Arctic Air® Ultra product. (A true and accurate copy of images of the Arctic Air®

---

[1] In the "Portable Air Conditioner" category, including from 06/01/22 to 08/31/22 and 6/15/23 to 6/21/23 in the U.S. and in the "Mini Evaporative Coolers" category from 7/4/23 to 7/27/23 and as of 7/15/25.

[2] As of July 15, 2025, the Arctic Air Pure Chill® 2.0 is currently ranked number one in the "Mini Evaporative Coolers" category on Amazon.com, the Arctic Air Pure Chill® is currently ranked number three in the "Mini Evaporative Coolers" category on Amazon.com, the Arctic Air® Pocket Chill is currently ranked number five in the "Mini Evaporative Coolers" category on Amazon.com, the Arctic Air® Chill Zone is currently ranked number ten in the "Mini Evaporative Coolers" category on Amazon.com, and the Arctic Air® Ice Jet is currently ranked number four in the "Evaporative Coolers" category on Amazon.com. The Arctic Air® Product Lines have been consistently ranked in the top 10 across Amazon.com since 2018.

Ultra product is attached hereto as Exhibit A and incorporated herein by reference.) An exemplary image showing the Arctic Air® Ultra product is depicted below:



(*See* Exhibit A.)

27.     Ontel's products are available for purchase at many large retail stores, including Walmart Inc., Ace Hardware Corp., The Home Depot, Inc., ShopRite grocery stores, and Target Corp., and are also available for purchase online, including through Ontel's website as well as through many authorized sellers and major ecommerce platforms such as eBay.com and Amazon.com.

28.     Ontel has maintained a longstanding commercial relationship with ShopRite and regularly distributes its products through ShopRite grocery stores.

29.     ShopRite has served as a consistent retail channel for Ontel's products for years. Ontel's authentic products have been sold within ShopRite stores since at least 2017.

30.     Ontel's Arctic Air® Product Lines are known to consumers throughout the United States to represent genuine, high-quality goods and are associated with Ontel. Ontel owns the goodwill associated with its intellectual property rights and has invested significant time and resources securing and protecting these rights worldwide.

31.    To that end, Ontel has purchased digital and television media for its Arctic Air® brand, valued in excess of $37 million ($37,000,000), and as a result, the Arctic Air® brand is one of the best-selling brands in Ontel's portfolio, having generated more than $513 million ($513,000,000) in sales.

32.    Unfortunately, because of this success, the products in the Arctic Air® Product Lines are frequently copied and Ontel is forced to expend significant resources combatting infringing products, as infringers like Defendant try to capitalize on Ontel's success.

### B.    ONTEL'S ARCTIC AIR® COPYRIGHTS

33.    Ontel is the owner of multiple, valid U.S. copyright registrations associated with the Arctic Air® Ultra Product.

34.    Ontel obtained U.S. Copyright Registration Number TX 8-922-730 (*See* Exhibit B) on August 14, 2020, for the product manual that accompanies each Arctic Air® Ultra Product ("Arctic Air® Ultra Manual") depicted below:



## READ ENTIRE MANUAL BEFORE USE

### Congratulations!

Thank you for choosing Arctic Air™ Ultra!
The #1 Best Selling Personal Space Cooler!
If you have any questions or problems, go to:

**www.ArcticAirFAQ.com**

If you can't find the answer or do not have access to the internet,
call our customer service line Monday-Friday 9am to 6pm EST:

**1-800-205-3001**

## WHAT'S INCLUDED:



## SETUP:

1. Set Arctic Air™ Ultra on a flat surface such as a table or desk. Attach Power Adapter to Power Adapter Port, and plug Power Adapter into wall outlet.

   **NOTE:** Use built-in Cord Guides along back to keep cord away from fan.



2. Use the Filter Drawer Tab to pull out the filter drawer & remove filter.




3. For best results, lightly pre-soak under cold, running water. For even more cooling power, place a wet filter in the freezer until frozen.

   Place back in drawer when done.



## SETUP (CONT.):

**4.** Open Water Tank Door and fill until line on MAX FILL tab. Close Water Tank Door when done.



## USAGE:

**1.** Press the ⊘ button to turn Arctic Air™ Ultra on - it will default to High speed mode.

- 1st press: Power on, High
- 2nd press: Medium
- 3rd press: Low
- 4th press: Power off

**NOTE:** Arctic Air™ Ultra will run up to 8 hours on High, 10 hours on Medium, & 12 hours on Low.

**2.** Use the Air Direction Tab to adjust airflow up/down to your preference.



## USAGE (CONT.):

**3.** Choose night light setting by pressing ☼ button - default setting is High brightness.

- Default: Light on, High brightness
- 1st press: Low brightness
- 2nd press: Light off



**4.** To power off, press the ⟳ button until fan turns off (one press after Low speed), and Mode Indicator Lights are no longer lit.

**IMPORTANT: If you do not plan to use Arctic Air™ Ultra for an extended period of time, it is recommended that you empty and let unit & filter dry before storing. This will avoid mold and unpleasant smells, and prolong life of Arctic Air™ Ultra and the filter.**

## MAINTENANCE:

We recommend weekly cleaning of your Arctic Air™ Ultra and Filter to keep in best working condition, and replacing the Filter every 3-6 months.



**DISHWASHER:** Place filter in the top-rack of your dishwasher & run cycle normally. Remove and let air dry.



**HAND WASH:** Hand wash gently with warm water & soap. Shake out excess water & let air dry.



**MICROWAVE:** Between washes, sanitize your filter by placing in microwave on high for 30 second increments, up to 2 minutes. Let sit until cool.

## MAINTENANCE:

**IMPORTANT:** If you see mold on the filter or notice a musty smell, stop and clean the filter before further use. Fully submerge the filter in a pot or bowl filled with equal parts clean water and white vinegar – allow to soak for 45-60 minutes. Rinse with warm water, wring out and let air dry

### UNIT CLEANING

- To prepare for cleaning, run Arctic Air™ Ultra until all water has emptied from the water tank, or hold Arctic Air™ Ultra over a sink and carefully dump out to avoid splashing or spilling.

- Remove Filter tray from Arctic Air™ Ultra. Using warm, soapy water, wipe filter tray and grill, then rinse off until clean. Let air dry.

- If you notice water tank is dirty, use a small, bendable brush (i.e. toothbrush, bottle brush, etc) and carefully clean the inside of the tank until clean. Rinse clean with warm water.



## To Order A New Filter or Customer Service:

 **Web: www.ArcticAirFilter.com**

 **Call: 1-800-205-3001**

**Email: ArcticAir@rephelpdesk.com**

## WARNINGS:

- Do not carry Arctic Air™ Ultra when filled with water. Some water may remain in unit even if tank is empty.

- Use only clean water. If needed, use distilled water.

- Please read and follow regular maintenance as recommended in "Maintenance" section of this guide.

- Arctic Air™ Ultra works best in non-polluted areas. Large dust/dirt particles may reduce lifetime of unit.

- We recommend use only in dry locations. If using in a moist area or environment, take care not to get water on external areas of the product.

- If a leak or spill occurs on the surface of device, unplug Arctic Air™ Ultra & let it dry for 24 hours. Then, use as normal.

- Do not place in direct sunlight for extended periods of time.

*See* Exhibit B.

35. Ontel obtained U.S. Copyright Registration Number VA 2-149-866 (*See* Exhibit C) on May 8, 2019, for the 2-D Artwork depicted below ("Arctic Air® Ultra Packaging"):



36. The Arctic Air® Ultra Manual and the Arctic Air® Ultra Packaging are also referred to as the "Arctic Air® Ultra Copyrighted Works." Ontel's copyrights in the Arctic Air® Ultra Copyrighted Works and the corresponding registrations are collectively referred to as "Arctic Air® Copyrights."

37. Ontel's Arctic Air® Ultra Copyrights are valid and subsisting.

**C.    ONTEL'S ARCTIC AIR® PATENTS**

38. As stated above, Ontel's Arctic Air® Products are the result of significant investment in research and development. The Arctic Air® Products contain various new, novel,

and original features for which Ontel sought and obtained protection from the U.S. Patent and Trademark Office via the issuance of various design and utility patents.

39.    Specifically, Ontel owns U.S. Patent No. 10,712,029 (the "Arctic Air® Ultra Utility Patent" or the "'029 Patent"). (Arctic Air® Ultra Utility Patent, attached hereto as Exhibit D and incorporated herein by reference.)

40.    The Arctic Air® Ultra Utility Patent was filed on January 3, 2019, and issued on July 14, 2020.

41.    The Arctic Air® Ultra Utility Patent protects functional features of a personal air cooler as described and depicted in the patent, including the system for receiving water, delivering it to air entering the device to cool it and then emitting the cooler air, and as excerpted below:



(FIGS. 5 and 7 of the Arctic Air® Ultra Utility Patent, *see* Exhibit D)

42.    Ontel also owns U.S. Patent No. RE48,619 (the "Arctic Air® Ultra Design Patent" or the "'619 Design Patent"). (Arctic Air® Ultra Design Patent, attached hereto as Exhibit E and incorporated herein by reference).

43.    The Arctic Air® Ultra Design Patent was filed on November 30, 2020, issued on July 6, 2021, and is a reissue of Ontel's U.S. Design Patent No. D852,340, which was filed on December 21, 2018.

44.    The Arctic Air® Ultra Design Patent protects the ornamental design for a personal air cooler as depicted in the patent figure reproduced below:



(FIG. 1 of the Arctic Air® Ultra Design Patent, *see* Exhibit E)

45.    Ontel also owns U.S. Patent No. D966,475 and U.S. Patent No. D963,135 (the "Arctic Air® Advanced Design Patents"). (Arctic Air® Advanced Design Patents, attached hereto as Exhibit F-1 and Exhibit F-2, respectively, and are incorporated herein by reference.)

46.    U.S. Patent No. D966,475 was filed on October 28, 2020, and issued on October 11, 2022, and is a continuation of Ontel's U.S. Patent No. D963,135, which was filed on April 22, 2020, and issued on September 6, 2022.

47.    The Arctic Air® Advanced Design Patents protect the ornamental design for personal air coolers as exemplarily depicted in the patent figures reproduced below:



(FIG. 1 of the Arctic Air® Advanced Design Patents, *see* Exhibits F-1 and F-2.)

48.    Ontel's Arctic Air® Ultra Design Patent, Arctic Air® Advanced Design Patents, and Arctic Air® Ultra Utility Patent are collectively referred to as "Ontel's Arctic Air® Patents."

### D.    DEFENDANT TEKNO'S INFRINGEMENT

49.    Defendant is selling, advertising, importing, and distributing products that infringe upon Ontel's registered copyrights and patents including products that are virtually identical in appearance and function to Ontel's Arctic Air® Ultra Product and Arctic Air® Pure Chill® Product, and which misuse Ontel's distinctive packaging and marketing materials.

50.    Defendant's "Northern Chill" branded products copy and misappropriate Ontel's proprietary intellectual property to unfairly benefit from Ontel's commercial success and consumer goodwill.

51.     On or around March 28, 2022, Ontel, through counsel, sent Defendant Tekno a formal cease-and-desist letter (the "March 2022 Notice"), putting Defendant on clear notice of Ontel's intellectual property rights and Defendant's infringement. (*See* Exhibit G, a true and correct copy of the March 2022 Notice and accompanying exhibits thereto).

52.     The March 2022 Notice identified specific violations relating to Tekno's "Northern Chill" product.

53.     In response, Tekno represented to Ontel that it respected the intellectual property rights of others, had made only nominal sales of the Infringing Product, and intended to wind down sales. Tekno further indicated that it did not plan to actively pursue or expand any further development, marketing, or sale of the Northern Chill product.

54.     In reliance on these representations, Ontel refrained from initiating immediate legal action, electing instead to allow Tekno an opportunity to resolve the dispute amicably and without payment.

55.     Ontel reasonably believed that Tekno would discontinue the infringing conduct.

56.     However, in or around June 2025, Ontel discovered that Tekno had not wound down its activities as promised.

57.     Instead, Tekno had continued and expanded its marketing and sales of the infringing Northern Chill product via at least online platforms and brick and mortar retail distribution channels, including via sales channels where Ontel sells product, such as ShopRite grocery stores. Tekno's misrepresentations in 2022 were thus false and made with the intent to delay enforcement while Tekno continued to benefit from infringing Ontel's intellectual property rights.

58.     On or around June 13, 2025, Ontel issued a second formal cease-and-desist letter to Tekno (the "June 2025 Notice"), renewing its demand that Tekno immediately cease its unlawful activities. (*See* Exhibit H, a true and correct copy of the June 2025 Notice and accompanying exhibits thereto).

59. The June 2025 Notice further identified the continued and willful nature of Tekno's infringement and cited new evidence of infringing sales occurring through both online platforms and retail distribution channels.

60. As of the filing of this Complaint, Tekno has failed to respond to the June 2025 Notice and has taken no action to cease its infringing conduct.

61. Instead, Defendant continues to sell and/or offer for sale, on one or more websites (the "Infringing Sites") and in one or more retail establishments where Ontel actively sells product, Northern Chill products that infringe Ontel's Intellectual Property.

62. The Infringing Sites that are currently known to Ontel are listed here:

- https://www.ebay.com/itm/275699030980 (*see* Exhibit I-1);

- https://www.oceanstatejoblot.com/air-conditioners/northern-chill-portable-mini-aircooler/266746?srsltid=AfmBOopQXQ8u1Dbkkn6mth2LrjrjxaAxkzxgXQFhGzk9Rk7ecxr5t3DO (*see* Exhibit I-2);

- https://www.ebay.com/itm/234307705591?chn=ps&_trkparms=ispr%3D1&amdata=enc%3A1yX5g9L3JQkC0U9aBfzqG9A8&norover=1&mkevt=1&mkrid=711-117182-37290-0&mkcid=2&itemid=234307705591&targetid=1599090335177&device=c&mktype=&googleloc=9030832&poi=&campaignid=15275224983&mkgroupid=131097072938&rlsatarget=pla-1599090335177&abcId=9300697&merchantid=548711872&gclid=Cj0KCQiA95aRBhCsARIsAC2xvfzY7kvFU7vymmhGQH0wj9ldM2aFDvja2nELeFl4PyWaliLd4UJM-sAaAlSDEALw_wcB (*see* Exhibit I-3); and

- https://sharpprices.com/products/northern-chill-portable-air-cooler-cool-air-anytime-anywhere (*see* Exhibit I-4).

- https://www.bonanza.com/listings/Northern-Chill-Portable-Air-Cooler-Cool-Air-Anytime-Anywhere/1437752368 (*see* Exhibit I-5);

- https://www.ebay.com/itm/127163788747 (*see* Exhibit I-6);

- https://www.ebay.com/itm/167651163493 (*see* Exhibit I-7);

- https://www.ebay.com/itm/204939653104 (*see* Exhibit I-8);

- https://www.ebay.com/itm/205209516459 (*see* Exhibit I-9);

- https://www.ebay.com/itm/205608686466 (*see* Exhibit I-10);

- https://www.ebay.com/itm/257013439527 (*see* Exhibit I-11);

- https://cssincusa.com/products/northern-chill-portable-air-cooler-cool-air-anytime-anywhere (*see* Exhibit I-12);

- https://ibspot.com/us/products/northern-chill-portable-mini-air-cooler-cool-air-anytime-anywhere?variant_id=29690643&gad_source=1&gad_campaignid=19963919680&gbraid=0AAAAACRDzrg9olHw2YgFrwRgBgbLlL-lx&gclid=Cj0KCQjw-NfDBhDyARIsAD-ILeDvbAX7IWED1AFDz5JGyaoJiWKDpmNE7QWu4u5AJwE5CQgGcPWskiQaAvn-EALw_wcB (*see* Exhibit I-13);

- https://www.ebay.com/itm/356597293893 (*see* Exhibit I-14); and

- https://www.mercari.com/us/item/m95607106662/ (*see* Exhibit I-15).

63. These Infringing Sites infringe one or more of Ontel's Intellectual Property Rights through the marketing, sale, and offering of sale of a product called the "Northern Chill" portable air cooler ("Northern Chill" or "Infringing Product"), which misappropriates Ontel's Intellectual Property Rights in its Arctic Air® Ultra Product and associated materials.

64. While the Infringing Sites advertise, offer to sell, and sell the Northern Chill product, Defendant is also using, importing, and selling these Northern Chill products to customers out of at least one retail establishment throughout the United States where Ontel directly sells its products.

65. For example, Defendant is offering for sale and selling the Northern Chill product in ShopRite grocery store locations. These retail Northern Chill products are infringing Ontel's Intellectual Property.

66.    A Northern Chill product was purchased and obtained from a ShopRite grocery retail store on or around June 2025. Photographs depicting the product and packaging of the product are depicted below (the "Infringing Product," "Infringing Manual," and "Infringing Packaging," respectively) (*See* Exhibit J (true and correct images of the Infringing Product); Exhibit K (true and correct images of the Infringing Manual); and Exhibit L (true and correct images of the Infringing Packaging)):

| Product View | Tekno's Infringing Product |
|---|---|
| Top Front Perspective |  |
| Front |  |

| Product View | Tekno's Infringing Product |
|---|---|
| Bottom |  |
| Interior with Grill and Filter removed |  |

| Product View | Tekno's Infringing Product |
| --- | --- |
| Front Perspective with Grill and Filter |  |
| Filter | |

*See* Exhibit J.

67.     Included with Defendant's Northern Chill product is a manual copying images and text from Ontel's Arctic Air® Ultra Copyrighted Work:

| Arctic Air® Ultra Manual | Tekno's Infringing Manual |
|---|---|
| TX 8-922-730 | |



| Arctic Air® Ultra Manual | Tekno's Infringing Manual |
|---|---|
|  | |

Northern Chill Manual

*See* Exhibit K.

68.    Defendant's Northern Chill product was sold in packaging that copies images and text from Ontel's Arctic Air® Ultra Copyrighted Work:

| Arctic Air® Ultra Packaging | Tekno's Infringing Packaging |
|---|---|
| VA 2-149-866 | |



Northern Chill Packaging as Advertised

Northern Chill Packaging as Sold

| Arctic Air® Ultra Packaging | Tekno's Infringing Packaging |
|---|---|
| VA 2-149-866 | |
|  |   Northern Chill Packaging as Advertised    Northern Chill Packaging as Sold |

*See* Exhibit L.

## COUNT I: VIOLATION OF 17 U.S.C. § 101 *et seq.* – COPYRIGHT INFRINGEMENT

69.    Ontel incorporates all preceding paragraphs of this Complaint as set forth in full herein.

70.    Ontel is the owner of the Arctic Air® Copyrights, including the corresponding certifications of registration.

71.    Examples of Defendant's infringement of Ontel's Arctic Air® Copyrights include copying the following images and text, which are shown above and recreated below for ease of review:

| Arctic Air® Copyrights | Tekno's Infringing Manual |
|---|---|
| TX 8-922-730 | |



| Arctic Air® Copyrights | Tekno's Infringing Manual |
|---|---|
|  | |

Northern Chill Manual

*See* Exhibit K.

| Arctic Air® Copyrights | Tekno's Infringing Packaging |
|---|---|
| VA 2-149-866  |  Northern Chill Packaging as Advertised  Northern Chill Packaging as Sold |

VA 2-149-866





Northern Chill Packaging as Advertised



Northern Chill Packaging as Sold

*See* Exhibit L.

72.     Defendant violated Ontel's exclusive rights in the Arctic Air® Copyrights in the United States by:

a)  Reproducing Ontel's Arctic Air® Ultra Copyrighted Work, including portions thereof;

b)  Preparing derivative works based on Ontel's Arctic Air® Ultra Copyrighted Work;

c)  Distributing copies of Ontel's Arctic Air® Ultra Copyrighted Work to the public, including portions thereof;

d)  Publicly displaying Ontel's Arctic Air® Ultra Copyrighted Work; and

e)  Other acts of infringement as revealed by discovery.

73.     Defendant improperly used Ontel's Arctic Air® Ultra Copyrighted Work by using copies of Ontel's Arctic Air® Ultra Copyrighted Work in connection with the manufacture and sale of Defendant's Infringing Product.

74.     Defendant's willful use of Ontel's Arctic Air® Ultra Copyrighted Work have caused actual damage to Ontel, for which Ontel has statutory and actual remedies at law.

75.     Defendant's willful use of Ontel's Arctic Air® Ultra Copyrighted Work as described above have caused and will continue to cause irreparable damage to Ontel, for which Ontel has no adequate remedy at law.

76.     Unless Defendant is restrained by this Court from continuing its infringement of Ontel's Arctic Air® Copyrights, these injuries will continue to occur in the future.

## COUNT II: UNJUST ENRICHMENT

77.     Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

78.     As detailed above, Ontel expended considerable time and resources in creating, developing, and maintaining Ontel's Intellectual Property. The undertaking required considerable research, time, strategic planning, and evaluation of market and economic trends, new technologies, innovations, and their impact on the personal cooling device industry.

79.     But for Defendant's misappropriation of Ontel's Intellectual Property, Defendant would have had to expend considerable time and expense in independent research, development, marketing, and advertising of its evaporative air cooling product in order to enter the relevant market and directly compete with Ontel.

80.     Defendant has been unjustly enriched by retaining this benefit without providing Ontel any payment. As a result of Defendant's wrongful acts, Ontel has suffered and will continue to suffer significant commercial, monetary, and other damages.

## COUNT III: DESIGN PATENT INFRINGEMENT
### (Arctic Air® Ultra Design Patent)

81.     Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

82.     Upon information and belief, Defendant had and has knowledge of Ontel's Arctic Air® Ultra Design Patent as of the date it first offered for sale or sold the Northern Chill product.

83.     Defendant has actual notice of Ontel's Arctic Air® Ultra Design Patent at least as early as the March 2022 Notice Letter sent on or around March 28, 2022.

84.     Defendant again received actual notice of its infringement of Ontel's Arctic Air® Ultra Design Patent on or around June 13, 2025.

85.     Ontel marks its Arctic Air® Products as patented pursuant to 35 U.S.C. 287.

86.     Defendant is directly infringing or inducing infringement of Ontel's Arctic Air® Ultra Design Patent by making, using, offering to sell, selling, or importing into the United States,

the Infringing Product, such as through the Northern Chill brand of products, and with the intent that third parties use the Infringing Product.

87.    With knowledge of Ontel's Arctic Air® Ultra Design Patent, Defendant willfully infringed and induced infringement of Ontel's Arctic Air® Ultra Design Patent.

88.    Examples of Defendant's infringement of the Arctic Air® Ultra Design Patent includes:

| Claimed Design in Ontel's Arctic Air® Ultra Design Patent | Defendant's Infringing Northern Chill Product |
|---|---|
|  | |
| FIG. 1 of the ornamental design | Tekno's Northern Chill Product as Sold |



| Claimed Design in Ontel's Arctic Air® Ultra Design Patent | Defendant's Infringing Northern Chill Product |
|---|---|
| FIG. 2 of the ornamental design | Tekno's Northern Chill Product as Sold |
| FIG. 3 of the ornamental design | Tekno's Northern Chill Product as Sold |



| Claimed Design in Ontel's Arctic Air® Ultra Design Patent | Defendant's Infringing Northern Chill Product |
|---|---|
| FIG. 4 of the ornamental design | Tekno's Northern Chill Product as Sold |
| FIG. 5 of the ornamental design | Tekno's Northern Chill Product as Sold |



| Claimed Design in Ontel's Arctic Air® Ultra Design Patent | Defendant's Infringing Northern Chill Product |
|---|---|
| FIG. 6 of the ornamental design | Tekno's Northern Chill Product as Sold |
| FIG. 7 of the ornamental design | Tekno's Northern Chill Product as Sold |

89.    With knowledge of Ontel's Arctic Air® Ultra Design Patent, Defendant willfully infringed and induced infringement of Ontel's Arctic Air® Ultra Design Patent.

90.    Defendant's infringement was undertaken without permission or license to use Ontel's Arctic Air® Ultra Design Patent.

91.    Defendant was aware that such use, sale, and offer for sale of the Northern Chill product using this design was unauthorized and infringing Ontel's Arctic Air® Ultra Design Patent.

92.    Ontel has been damaged as a result of Defendant's infringement as described herein.

93.    Ontel is entitled to and claims all damages allowable by law including adequate compensation for the infringement, costs, interest, attorney fees, and Defendant's profits (for which Ontel demands an equitable accounting).

94.    Ontel further seeks a declaration by the Court that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284.

### COUNT IV: PATENT INFRINGEMENT
### (Artic Air® Advanced Design Patents)

95.    Ontel incorporates all preceding paragraphs of this Complaint as if set fully forth herein.

96.    Defendant had actual notice of Ontel's Arctic Air® Advanced Design Patent at least as early as the filing of this Original Complaint.

97.    Ontel marks its Arctic Air® Products as patented pursuant to 35 U.S.C. § 287.

98.    Defendant is directly infringing or inducing infringement of Ontel's Arctic Air® Advanced Design Patents by making, using, offering to sell, selling, or importing into the United States the Infringing Product, and with the intent that third parties use the Infringing Product.

99.    Examples of Defendant's infringement of the Arctic Air® Advanced Design Patents include:



| Figures of Ontel's Arctic Air® Advanced Design Patents | | Defendant's Infringement |
|---|---|---|
| FIG. 1 of the ornamental design | FIG. 1 of the ornamental design | |
| FIG. 2 of the ornamental design | FIG. 2 of the ornamental design | |
| FIG. 3 of the ornamental design | FIG. 3 of the ornamental design | |

| Figures of Ontel's Arctic Air® Advanced Design Patents | | Defendant's Infringement |
|---|---|---|
|   FIG. 4 of the ornamental design |   FIG. 4 of the ornamental design |  |
|   FIG. 5 of the ornamental design |   FIG. 5 of the ornamental design |  |
|   FIG. 6 of the ornamental design |   FIG. 6 of the ornamental design |  |

| Figures of Ontel's Arctic Air® Advanced Design Patents | | Defendant's Infringement |
|---|---|---|
|  FIG. 7 of the ornamental design | FIG. 7 of the ornamental design | |

100.    Defendant's infringement was undertaken without permission or license to use Ontel's Arctic Air® Advanced Design Patents.

101.    Ontel has been damaged as a result of Defendant's infringement as described herein.

102.    Ontel is entitled to and claims all damages allowable by law including adequate compensation for the infringement, costs, interest, attorney fees, and Defendant's profits (for which Ontel demands an equitable accounting).

103.    Ontel further seeks a declaration by the Court that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284 due to Defendants's willful infringement.

## COUNT V: UTILITY PATENT INFRINGEMENT

104.    Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

105.    Upon information and belief, Defendant had and has knowledge of Ontel's Arctic Air® Ultra Utility Patent as of the date it first offered for sale or sold the Infringing Product.

106.    Defendant has actual notice of Ontel's Arctic Air® Ultra Utility Patent at least as early as the March 2022 Notice Letter sent on or around March 28, 2022.

107.    Defendant again received actual notice of its infringement of Ontel's Arctic Air® Ultra Utility Patent on or around June 13, 2025.

108.    Ontel marks the Arctic Air® Products as patented pursuant to 35 U.S.C. § 287.

109.    Defendant is directly infringing or inducing infringement of Ontel's Arctic Air® Ultra Utility Patent by making, using, offering to sell, selling, or importing into the United States, the Infringing Product with knowledge and with the intent that third parties will use the Infringing Product.

110.    With knowledge of Ontel's Arctic Air® Ultra Utility Patent, Defendant willfully infringed and induced infringement of Ontel's Arctic Air® Ultra Utility Patent.

111.    Defendant's listed Infringing Product infringes Ontel's Arctic Air® Ultra Utility Patent.

112.    Defendant is infringing on Ontel's Arctic Air® Ultra Utility Patent by marketing, advertising, offering for sale, and selling the Northern Chill with knowledge, as well as doing so with the intent that third parties will use its product.

113.    An example of Defendant's infringement of the Arctic Air® Ultra Utility Patent includes:



114.    Defendant is infringing on one or more claims, including but not limited to independent claims 1 and 16 of the Arctic Air® Ultra Utility Patent.

115.    Specifically, independent claim 1 of the Arctic Air® Ultra Utility Patent states, in part, "an evaporative air cooler for cooling ambient air, comprising: a housing with a top panel, a bottom panel, and side panels defining an interior of the evaporative air cooler . . . a tank positioned adjacent to the top panel and at least one of the side panels, wherein the tank is configured to receive, store, and release liquid; a misting structure comprising a mister . . . a filter structure with a plurality of filters . . . and a fan configured to draw the ambient air into the evaporative air cooler, wherein the ambient air is cooled by at least one of the mist and the filter structure, and wherein the fan directs the ambient air through the filter structure and out of the evaporative air cooler." (*See* Exhibit D).

116.    Defendant's Infringing Product, like independent claim 1 of the Arctic Air® Ultra Utility Patent similarly feature "an evaporative air cooler for cooling ambient air, comprising: a housing with a top panel, a bottom panel, and side panels defining an interior of the evaporative air cooler . . . a tank positioned adjacent to the top panel and at least one of the side panels, wherein the tank is configured to receive, store, and release liquid; a misting structure comprising a mister . . . a filter structure with a plurality of filters . . . and a fan configured to draw the ambient air into the evaporative air cooler, wherein the ambient air is cooled by at least one of the mist and the filter structure, and wherein the fan directs the ambient air through the filter structure and out of the evaporative air cooler," which is demonstrated above. (*See* Exhibit D).



| Ontel's Arctic Air® Ultra Utility Patent Figures | Defendant's Infringing Product |
|---|---|

| Ontel's Arctic Air® Ultra Utility Patent Figures | Defendant's Infringing Product |
|---|---|
| Filter Structure          Plurality of Filters | |



117. Relatedly, independent claim 16 of the Arctic Air® Ultra Utility Patent states, in part, "an evaporative air cooler for cooling ambient air, comprising a housing . . . a tank . . . a misting structure . . . a filter . . . a fan . . . and a v-shaped shroud positioned underneath the tank and configured to direct the mist toward the filter structure." (*See* Exhibit D).

118.    Likewise, the Infringing Product also features an evaporative air cooler for cooling ambient air, comprising "a housing . . . a tank . . . a misting structure . . . a filter . . . a fan . . . and a v-shaped shroud positioned underneath the tank and configured to direct the mist toward the filter structure," which is shown above. (*See* Exhibit E).



| Ontel's Arctic Air® Ultra Utility Patent Figures | Defendant's Infringing Product |
|---|---|
| FILTER STRUCTURE REMOVED FOR ILLUSTRATIVE PURPOSES | |

119.    Defendant's infringement was undertaken without permission or license to use Ontel's Arctic Air® Ultra Utility Patent.

120.    Ontel has been damaged as a result of Defendant's infringement as described herein.

121.    Ontel is entitled to and claims all damages allowable by law including adequate compensation for the infringement, costs, interest, attorney fees, and Defendant's profits (for which Ontel demands an equitable accounting).

122.    Ontel further seeks a declaration by the Court that it is entitled to three times the amount of damages found or assessed pursuant to 35 U.S.C. § 284.

## COUNT VI: UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

123.    Ontel incorporates all preceding paragraphs of this Complaint as if set forth in full herein.

124.    Defendant and Ontel are direct competitors in the consumer market for evaporative air-cooling products.

125.    Ontel's Arctic Air® Product Lines are longstanding, well-known, and widely recognized by consumers as representing high-quality, innovative cooling solutions. Defendant's Northern Chill product is a competing air-cooling product designed, marketed, and sold in direct competition with Ontel's Arctic Air® Products.

126.    Defendant has engaged in trade and commerce in New Jersey, including by offering for sale, distributing, and promoting the Northern Chill product within this jurisdiction and through regional and national retail chains operating in New Jersey.

127.    Among other channels, Defendant has supplied its infringing product into ShopRite stores, one of Ontel's trusted retail partners and a longstanding authorized outlet for genuine Ontel products.

128.    Defendant willfully and knowingly engaged in unfair acts or practices and unfair methods of competition, including through intentionally copying Ontel's product packaging and instruction manuals; infringing Ontel's patents and copyright-protected materials;

misappropriating Ontel's commercial success, reputation, and brand goodwill; falsely representing to Ontel in 2022 that it would cease further sales and development of the Northern Chill product, thereby inducing Ontel to refrain from taking immediate legal action; and expanding its infringing activity after securing Ontel's reliance, including by targeting and supplying infringing products through the same retail channels Ontel uses to sell its genuine products.

129.    Defendant's conduct was undertaken in bad faith and constitutes an unfair method of competition under New Jersey common law.

130.    Defendant's placement of infringing Northern Chill products in ShopRite stores—where Ontel's authentic products have long been sold—creates a substantial likelihood of consumer confusion, unfairly diverts sales and shelf space from Ontel, and improperly trades on Ontel's established commercial relationships and reputation for quality.

131.    Defendant's conduct has caused, and continues to cause irreparable injury to Ontel, including to Ontel's reputation and goodwill. Ontel has no adequate remedy at law. Unless such unauthorized use is enjoined, Ontel will continue to be irreparably harmed.

132.    Defendant's conduct, as described above, has been willful, wanton, reckless, and in total disregard of Ontel's rights.

133.    By reason of Defendant's misconduct, Ontel has suffered, and will continue to suffer, monetary damages and loss of market share, diversion of sales, and substantial damage to its business reputation and goodwill.

## **PRAYER FOR RELIEF**

WHEREFORE, Ontel respectfully requests that this Honorable Court:

a)    Enter judgment against Defendant finding:

i)   Defendant has engaged in willful and intentional copyright infringement in violation of Section 501 of the Copyright Act (17 U.S.C. § 501);

ii)  Defendant has been unjustly enriched in violation of New Jersey common law; and

iii)  Defendant has knowingly and willfully engaged in actions to interfere with Ontel's Arctic Air® Patents, including advertising, marketing, sale, offering for sale, or importation of the Northern Chill in retail establishments and on the Infringing Sites, and any similar stores and sites.

b)   Issue a temporary restraining order and preliminary and permanent injunctions prohibiting Defendant and each of their agents, servants, employees, attorneys, and any other persons who are in active concert or participation with them from:

i)     Using Ontel's Arctic Air® Copyrights in connection with the offering for sale or advertising of any products;

ii)    Engaging in further actions to interfere with Ontel's Arctic Air® Patents, including the advertising, marketing, sale, offering for sale, or importation of the Northern Chill product or similar infringing products; and

iii)   Continuing to operate the Infringing Sites, and any similar site;

c)   Require Defendant to account for profits;

d)   Award Ontel its actual damages, or in the alternative, statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504;

e)      Award Ontel an amount equal to adequate compensation for Defendant's

patent infringement, multiplied by three pursuant to 35 U.S.C. § 284;

f)      Award Ontel the costs associated with bringing this action;

g)      Award Ontel interest and reasonable attorneys' fees pursuant to one or more

of the Copyright Act and

h)      An award of any further relief that this Court deems just and proper.

## **JURY DEMAND**

Plaintiff Ontel Products Corporation hereby demands a trial by jury of all issues so triable.


Respectfully submitted this 31st day of July, 2025,

*/s/ Lindsey Specht*
Lindsey Specht, Esq.
NJ Attorney ID: 087912013
**DICKINSON WRIGHT PLLC**
1825 I St., N.W., Suite 900
Washington, DC  20006
Tel.: (202) 659-6949
Email: lspecht@dickinson-wright.com

John S. Artz
Michigan State Bar No. P48578 (*pro hac vice forthcoming*)
**DICKINSON WRIGHT PLLC**
350 S Main St, Suite 300
Ann Arbor, MI 48104
Tel:    (734) 623-7075
Email:  JSArtz@dickinson-wright.com

Jordan E. Garsson
Texas State Bar No. 24131326 (*pro hac vice forthcoming*)
**DICKINSON WRIGHT PLLC**
607 W. 3rd St., Suite 2500
Austin, TX 78701
Tel:    (512) 770-4200
Email: JGarsson@dickinson-wright.com
*Attorneys for Plaintiff Ontel Products Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 31st day of July 2025, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first-class mail on this same date.

*/s/ Lindsey Specht*
Lindsey Specht, Esq.